**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALLEN TESSER,

      Plaintiff,

v.                                    Case No. 11-10851

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and UNUM GROUP,

      Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

On June 24, 2010, Plaintiff filed this case against Defendants in Wayne County Circuit Court seeking at least $25,000 in damages. As part of the case evaluation process, Plaintiff served a case evaluation summary upon Defendants on February 1, 2011. This document first presented a clear statement of damages exceeding $75,000. On March 2, 2011, Defendants removed to this court on diversity grounds. On March 7, 2011, Plaintiff filed a motion to remand. In the motion, Plaintiff argues that the amount in controversy fails to reach the minimum needed for this court to exercise jurisdiction. *See* 28 U.S.C. § 1332(a); 28 U.S.C. §1441(a). Defendants responded on March 22, 2011, and Plaintiff replied on March 28, 2011. Having reviewed the briefs, the court concludes a hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant Plaintiff's motion and remand the case.

As a preliminary matter, Defendant timely removed the above-captioned matter to this court. If a complaint does not clearly establish grounds for removal, a case may be removed within thirty days of receipt by the defendants of any "paper from which it may first be ascertained that the case is one which is or has become removable." 28

U.S.C. § 1446(b).  Plaintiff's case evaluation summary qualifies as such a paper, and it first set forth Plaintiff's claim for $162,000.  (Def. Notice of Removal, Ex. 2.); *Storball v. Atlantic Recording Corp.*, 989 F. Supp. 845 (E.D. Mich. 1997).  Therefore, notice of removal was timely filed on March 2, 2011, after Plaintiff's case evaluation summary was served on February 1, 2011.  Defendants did not remove too late.  They did, however, remove too soon.

Federal courts are authorized to exercise jurisdiction in cases where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Where a case is removed from state court, "the determination of federal jurisdiction in a diversity case is made as of the time of removal."  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The court thus considers only the amount in controversy as of the date of removal, which does not include potential liabilities continuing to accrue following removal.  Under binding precedent, "future potential benefits" are excluded from the calculation of the amount in controversy where the validity of the underlying insurance contract is not at issue.  *Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d415, 416-17 (6th Cir. 1996). Furthermore, it is the burden of Defendants to prove that the case may be removed by showing that it is "more likely than not" that the amount in controversy exceeds $75,000. *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *overruled on other grounds by Hertz Corp. v. Friend*, 120 S. Ct. 1181, 1191 (2010).  Defendants have not borne this burden.  Nothing in the complaint, notice of removal, or briefing indicates that Defendants seek recision of the insurance contract.  Nor is there more than a bald assertion that the contract provides for a $9,000 rehabilitation benefit, which Plaintiff

2

challenges as inapplicable.  Therefore, Defendants have shown neither that future potential benefits should be included in computation of the amount in controversy nor that the amount in controversy on March 2, 2011, exceeded the statutory threshold.

Although even Plaintiff admits that the amount in controversy will exceed $75,000 by October 2011 if Plaintiff remains both alive and disabled until such time, this does not alter the conclusion.  Indeed, the inclusion of statutorily prescribed penalty interest at 12% per annum will cause the amount to exceed the jurisdictional requirement even sooner.  As recently noted, however, the amount in controversy requirement in § 1332 is to be rigorously applied.  *Freeland v. Liberty Mutual Fire Ins. Co.*, 632 F.3d 250, 254 (6th Cir. 2011) ("the unsubstantiated possibility of future claims under an insurance policy" does not equal even one penny in the determination of diversity jurisdiction). Accordingly,

IT IS ORDERED that "Plaintiff's Motion to Remand" [Dkt. # 2] is GRANTED, and the case is REMANDED to Wayne County Circuit Court for further action.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 28, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 28, 2011, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-10851.TESSER.Remand.nkt.wpd